UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE HOCKMAN,

     Plaintiff,

                                      Case No. 25-cv-13324

v.                                     Hon. Matthew F. Leitman

TEAMLYDERS, LLC, *et al.*,

     Defendants.

_____/

### ORDER (1) GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS (ECF No. 10) AND (2) REQUIRING PLAINTIFF'S COUNSEL TO PAY DEFENDANTS' REASONABLE ATTORNEY'S FEES

In this action, Plaintiff Theodore Hockman brings three claims against Defendants Teamlyders, LLC and Teamlyders Payroll, Inc. arising out of the termination of his employment. (*See* Compl., ECF No. 1.)  One of those claims is a claim under Michigan common law for discharge in violation of public policy (the "Public Policy Claim"). (*See id.*, PageID.9-10.)

After Defendants were served with the Complaint, their counsel reviewed the Public Policy Claim and concluded that it failed to state a claim on which relief can be granted.  Defense counsel then sent Hockman's attorneys a letter outlining the deficiencies in the Public Policy Claim and citing case law in support of his critique of the claim.   In the letter (which defense counsel described on the record on July 24, 2026), defense counsel indicated that Defendants would move to dismiss the

Public Policy Claim if Hockman did not agree to dismiss it voluntarily.  During a hearing before the Court on July 24, 2026, counsel for Hockman confirmed that she received the letter.  Hockman's counsel did not respond to the letter and did not voluntarily dismiss the Public Policy Claim.  Accordingly, Defendants were forced to move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for entry of an order dismissing the Public Policy Claim. (*See* Partial Mot. to Dismiss, ECF No. 10.)

Hockman's attorneys then filed a response in opposition to the motion to dismiss the Public Policy Claim. (*See* Resp., ECF No. 12.)  In that response, Hockman's attorneys "denie[d]" that Defendants were entitled to dismissal of the Public Policy Claim. (*Id.*, PageID.107.)  Hockman's lawyers insisted that Hockman "plausibly allege[d]" that Defendants terminated his employment in violation of public policy. (*Id.*, PageID.117.)

The Court held a hearing on Defendants' motion to dismiss in the Public Policy Claim on July 24, 2026.  During the hearing, Hockman's attorney candidly acknowledged that the Complaint does <u>not</u> plausibly allege a claim for discharge in violation of public policy and that the Public Policy Claim, as pleaded, fails as a matter of law.  For the reasons explained on the record (and for all of the reasons explained in Defendants' motion to dismiss the Public Policy Claim and in their reply in further support of the motion), the Court agrees with Hockman's counsel

2

and concludes that the Public Policy Claim must be dismissed for failing to state a viable claim.  Accordingly, the Public Policy Claim (Count III of the Complaint) is hereby **DISMISSED**.

The Court declines to permit Plaintiff to file an Amended Complaint at this time because there is no proper motion for leave to amend before the Court.  While Hockman's lawyer orally asked for leave to amend during the July 24, 2026, hearing, such an oral request, like a request to amend in a brief opposing a motion to dismiss, is not a sufficient motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014); *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend.'") (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)).  If Plaintiff files a proper motion for leave to file an Amended Complaint, the Court will review the request to amend at that point.

As the Court further explained on the record, the Court will require Hockman's lawyers to pay Defendants' reasonable attorney's fees incurred in drafting and filing the motion to dismiss and the reply in further support of the motion.  There are at least two separate bases for this fee award.  First, Hockman's lawyers unreasonably withheld their concurrence when defense counsel sought

dismissal of the Public Policy Claim, and thus the fee award is appropriate under Local Rule 7.1(a)(3).  Second, Hockman's lawyers unreasonably and vexatiously multiplied these proceedings in two ways: first, by withholding concurrence when defense counsel sought voluntary dismissal of the Public Policy Claim and, second, by filing an opposition to Defendants' motion to dismiss the Public Policy Claim – which necessitated the filing of a reply and the convening of a hearing. *See* 28 U.S.C. § 1927.[1]

Within **fourteen days**, defense counsel shall send to Hockman's lawyers a demand for reasonable attorney's fees supported by attorney billing records and a sworn declaration confirming the accuracy of the records.   Within **twenty-one days** of receiving the fee demand, Hockman's attorneys shall either pay the demanded fees in full or file written objections on the docket to the reasonableness of the claimed fees.

---

[1] While filing the opposition to the motion to dismiss the Public Policy Claim was, in and of itself, problematic, the response contained one assertion that was especially problematic.  In the response, Hockman asserted that "[f]ederal courts in Michigan routinely permit public-policy claims pleaded in the same manner as Plaintiff's." (Resp., ECF No. 12, PageID.116.)  Hockman cited *Choi v. Corewell Health*, W.D. Mich. Case No. 1:25-00434, for this proposition. (*See id.*)  But the court in *Choi* never passed on the validity of the plaintiff's public-policy claim. (*See* Ex. A, *Choi* Order, Defs.' Reply, ECF No. 13-1, PageID.128-129.)  The court in *Choi* declined to exercise supplemental jurisdiction over all of the plaintiff's state law claims, including the claim for discharge in violation of public policy. (*See id.*)  Hockman's contention that the court in *Choi* found that claim to be sufficiently pleaded was thus baseless.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5